# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEEDEE BUTLER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ROBERT DERAIL RAINEY et al., : <br> : <br> Defendants. : <br> : | **Civil Action No. 19-17409 (SRC)** <br><br> **OPINION & ORDER** |

**CHESLER,** District Judge

    This matter comes before the Court on the motion for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants Liberty Mutual Insurance Company and Wausau Underwriters Insurance Company (collectively, the "Insurers.") For the reasons that follow, the Court recharacterizes the motion as a motion to dismiss and will grant it.

    This case arises from a dispute over an automobile accident. Plaintiff filed a Complaint asserting eight claims. At issue on this motion is only Count Four. In this claim, Plaintiff alleges that the Insurers issued an insurance policy to her which offered various categories of coverage, including PIP benefits. While the Insurers have framed this motion as a motion for partial summary judgment, they request dismissal of Count Four on the ground that New Jersey law requires alternative dispute resolution for PIP claim disputes, pursuant to N.J.S.A. 39:6A-5.1(a), which states:

> Any dispute regarding the recovery of medical expense benefits or other benefits
> provided under personal injury protection coverage . . . arising out of the

1

> operation, ownership, maintenance or use of an automobile may be submitted to dispute resolution on the initiative of any party to the dispute, as hereinafter provided.

Plaintiff, in opposition, contends that the PIP dispute in this matter is merely a "technical" matter involving the procedure codes used in billing, and that it would be unfair to require Plaintiff to arbitrate such an issue.

This Court rejects Plaintiff's argument. As just quoted, N.J.S.A. 39:6A-5.1(a) applies to "[a]ny dispute regarding the recovery of medical expense benefits or other benefits provided under personal injury protection coverage . . ." The dispute asserted in Count Four falls within the scope of this provision, and the statute requires submission to dispute resolution on the initiative of any party. See also State Farm Mutual Auto. Ins. Co. v. Molino, 289 N.J. Super. 406, 410 (N.J. Super. Ct. App. Div. 1996) (noting that the word "dispute" in the statute is unqualified). The Insurers have asked for dispute resolution, and the statute entitles them to it.

New Jersey courts have held that the language of the statute mandating PIP arbitration must be "read as broadly as the words themselves indicate, that statutory arbitrators are authorized to determine both factual and legal issues, and that coverage issues are to be decided by the arbitrator in the same manner as issues dealing with the extent of injury and the amount of recovery." State Farm Ins. Co. v. Sabato, 337 N.J. Super. 393, 396-97 (N.J. Super. Ct. App. Div. 2001) (citing Molino, 289 N.J. Super. at 410). The Appellate Division, in Sabato, held that threshold issues of whether coverage exists must be resolved in the mandatory arbitration proceedings. Id. The Sabato court stressed the statutory directive to arbitrate PIP disputes and repeated its precaution, made in Molino, that courts should not countenance end-runs around the statutory scheme: "Carriers should not be empowered to avoid arbitration simply by

characterizing PIP disputes as questions of 'entitlement' or 'coverage' and then seeking judicial resolution of those issues." Id. at 397.

Based on the PIP arbitration statute and the New Jersey Appellate Division's decisions in Molino and Sabato, the Court concludes that it would be inappropriate to entertain Count Four in the Complaint. Based on the facts alleged, the Court concludes that the Insurers have the statutory right to compel arbitration of disputes concerning entitlement to PIP benefits. Molino expressly held that to the extent there is any ambiguity what constitutes a "dispute" subject to the arbitration provision, the term must be construed liberally "to harmonize the arbitration provision with our firm policy favoring prompt and efficient resolution of PIP disputes without resort to the judicial process." Molino, 289 N.J. Super. at 410.

Count Four seeks a judicial resolution to a dispute that the New Jersey legislature has committed to an alternative resolution forum. The statutory provision governing PIP disputes is part of New Jersey's Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1 to -35, whose purpose is "to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burdens and congestion of the State's courts." N.J.S.A. 39:6A-24. In enacting it, the state legislature declared it to be "comprehensive legislation designed to preserve the no-fault system, while at the same time reducing unnecessary costs which drive premiums higher." N.J.S.A. 39:6A-1.1. In this Court's view, the prudent course is to decline to entertain a claim that would interfere with this state statutory scheme. Cf. Burford v. Sun Oil Co., 319 U.S. 315 (1943) (holding that a federal court should abstain from exercising jurisdiction over a case where it involves state law issues and the state has created a complex regulatory scheme that will be disrupted by federal

jurisdiction); Lac D'Amiante du Quebec v. Am. Home Assurance Co., 864 F.2d 1033, 1043 (3d Cir. 1988) ("As read in subsequent cases, *Burford* stands for the proposition that where a state creates a complex regulatory scheme, supervised by the state courts and central to state interests, abstention will be appropriate if federal jurisdiction deals primarily with state law issues and will disrupt a state's efforts 'to establish a coherent policy with respect to a matter of substantial public concern.'" (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).

Heeding the PIP statute and governing caselaw, this Court will, in its discretion, decline to entertain count four in Plaintiff's Complaint. Count Four of the Complaint will accordingly be dismissed without prejudice.

For these reasons,

**IT IS** on this 16th day of March, 2020

**ORDERED** that the Insurers' motion for partial summary judgment (Docket Entry No. 24), recharacterized as a motion to dismiss, is **GRANTED**, and Count Four of the Complaint is hereby **DISMISSED** without prejudice.

      s/ Stanley R. Chesler
      STANLEY R. CHESLER, U.S.D.J.